| | | |
|---|---|---|
| LARRY BLAKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAMANTHA MADLER and | ) | |
| EVAN DUBOIS, | ) | |
| | ) | |
| Defendants. | ) | |

On May 8, 2025, Larry Blakney ("Blakney" or "plaintiff"), proceeding pro se, filed a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. The court grants Blakney's motion for leave to proceed in forma pauperis [D.E. 2]. As explained below, the court conducts a frivolity review of the complaint and dismisses the action.

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Blakney is civilly committed to the custody of the Attorney General and confined at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). See [D.E. 1] 5. Blakney names as defendants FMC Butner psychologists Samantha Madler and Evan DuBois. See id. at 3. Blakney alleges defendants used fabricated statements to civilly commit him. See id. Specifically, Blakney alleges defendants falsely accused him of "being convicted for murder, accessory after the fact of felony murder and assault on a police officer in their testimony at [his] civil commitment hearing to make [him] look dangerous." Id. at 6. Blakney alleges that defendants knew the accusations were false because he repeatedly told them that the convictions should not be on his criminal records. See id. Blakney alleges the defendants' false testimonies misled the Assistant United States Attorney. See id. Blakney asks the court "to vacate [his] civil commitment [under] 18 U.S.C. § 4246 as well as order the defendants to [pay] compensatory damages of [$]10,000,000." Id. at 8. Blakney also requests immediate release. See id.

Blakney cannot assert Bivens claims against defendants for the acts alleged in his complaint. See, e.g., Egbert v. Boule, 596 U.S. 482, 498 (2022); Hernandez v. Mesa, 589 U.S. 93,

2

102 (2020); <u>Ziglar v. Abbasi</u>, 582 U.S. 120, 130–46 (2017); <u>Orellana v. Godec</u>, 145 F.4th 516, 522–527 (4th Cir. 2025); <u>Earle v. Shreves</u>, 990 F.3d 774, 780 (4th Cir. 2021); <u>Carrington v. Scarantino</u>, No. 5:22-CT-3353, 2023 WL 6368320, at *4–5 (E.D.N.C. Sept. 28, 2023) (unpublished), <u>appeal</u> <u>dismissed</u>, No. 23-7060, 2024 WL 1734104 (4th Cir. Jan. 10, 2024) (per curiam) (unpublished). Thus, the court dismisses the claims.

To the extent that Blakney challenges his civil commitment and seeks to be released, Blakney "must pursue such challenges in that case or via a petition for habeas corpus under 28 U.S.C. § 2241 after fully exhausting his administrative remedies." <u>Nagy v. Schaefer</u>, No. 5:02-CT-230, 2002 WL 32509021, at *1 (E.D.N.C. June 4, 2002) (unpublished), <u>appeal dismissed</u>, 46 F. App'x 166 (4th Cir. 2002) (per curiam) (unpublished); <u>see also</u> <u>Timms v. Johns</u>, 627 F.3d 525, 530–33 (4th Cir. 2010); <u>Bussie v. Hellschulp</u>, No. 5:18-HC-2048, 2018 WL 9801613, at *2 (E.D.N.C. Sept. 7, 2018) (unpublished), <u>aff'd</u>, 755 F. App'x 299 (4th Cir. 2019) (per curiam) (unpublished); <u>Bussie v. United States</u>, No. 5:15-HC-2149, 2015 WL 12910636, at *2 (E.D.N.C. Nov. 3, 2015) (unpublished). Thus, the court dismisses the action without prejudice.

## II.

In sum, the court GRANTS plaintiff's motion for leave to proceed in forma pauperis [D.E. 2] and DISMISSES WITHOUT PREJUDICE the action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This _20_ day of April, 2026.

JAMES C. DEVER III
United States District Judge

3